IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KAREEM DAVENPORT, M49922, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-00852-SMY |
| | ) |
| SERGEANT BAKER, | ) |
| C/O SUHR, | ) |
| C/O SCHWEIZER, | ) |
| SGT. PITTS, | ) |
| ANTHONY WILLS, | ) |
| and ROB JEFFRIES, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Kareem Davenport, an inmate in the custody of the Illinois Department of Corrections (IDOC) currently incarcerated at Menard Correctional Center, filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983 for constitutional deprivations arising from the alleged use of unauthorized force by Sergeant Baker and failure to intervene by C/O Suhr and C/O Schweizer. (Doc. 19). Plaintiff seeks monetary and injunctive relief. The Second Amended Complaint is subject to screening under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim, or seeks money damages from an immune defendant.

**Second Amended Complaint**

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 19, pp. 7-8): Sergeant Butler used excessive force against Plaintiff while escorting him from Menard's medium security unit (X House, D Wing, Cell 56) to a holding cage in preparation for his transfer

1

to Menard's North II restrictive housing unit on September 1, 2021. As they walked toward the cage, Baker and Plaintiff had a "confrontational dialogue" during which Plaintiff told the officer that "he's only tuff (sic) because [Plaintiff] ha[s] cuffs on." *Id*. at 8. Baker responded by yanking Plaintiff to the ground by his locks and "open-hand" slapping him multiple times. C/O Suhr, C/O Schweizer, and others stood and watched. They made no effort to intervene, stop the attack, or report it to a higher authority. Baker then pulled Plaintiff to his feet and placed him in a holding cage. As he did so, Baker asked Plaintiff if he wanted his cuffs removed so they could fight. Plaintiff said "no" when he noticed Suhr, Schweizer, and others standing nearby with "intimidating [and] menacing" expressions on their faces. *Id*. Plaintiff claims that this use of force against him was excessive under the Eighth Amendment and Illinois law.

When he arrived in Menard's North II restrictive housing unit, Plaintiff tried to tell a nurse that he was attacked and needed medical care. However, the nurse left the room in a hurry "non intentionally" (sic). *Id*. At the time, Plaintiff had no apparent injuries, and his disciplinary ticket did not suggest that he required medical care. *Id*.

When Plaintiff was released from segregation a week later, Baker escorted him back to Menard's medium security unit, along with C/O Pitts, Suhr, and Schweizer. *Id*. at 7. As they walked, Baker asked Plaintiff if he had any problems with their interactions the week before and also asked if he still wanted to fight. Plaintiff noticed odd expressions on the officers' faces and answered "no" to both questions. *Id*. He was allowed to "go on [his] way." *Id*. Plaintiff claims that this encounter also violated his rights under the Eighth Amendment and Illinois law.

Warden Wills and IDOC Director Jeffreys "did nothing . . . to remedy the wrongs" when they learned of these incidents. *Id*.

**Preliminary Dismissals**

Plaintiff alleges misconduct by individuals who are not identified as defendants in the Second Amended Complaint, including a nurse and miscellaneous officers. When a plaintiff does not identify individuals as defendants in the case caption or list of defendants, the Court will not treat them as such. FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption"). Therefore, all claims against non-parties are considered dismissed without prejudice from this case.

**Discussion**

The Court designates the following claims in the *pro se* Second Amended Complaint:

**Count 1:** Eighth Amendment claim against Baker for using excessive force against Plaintiff on September 1, 2021.

**Count 2:** Eighth Amendment claim against Suhr and Schweizer for failing to intervene and protect Plaintiff from the unauthorized use of force by Baker on or around September 1, 2021.

**Count 3:** Eighth Amendment claim against Baker, Suhr, Schweizer, and Pitts for using intimidation tactics to scare Plaintiff after his release from segregation on or around September 8, 2021.

**Count 4:** Eighth Amendment claim against Jeffries/Jeffreys[1] and Wills for taking no action to remedy the wrongs caused by Baker, Suhr, and Schweizer in September 2021.

**Count 5:** Illinois state law claims for assault and/or battery against Defendants.

Any other claim mentioned in the Second Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

---

[1] Plaintiff identifies "Rob Jeffries" as a defendant in the case caption of his Second Amended Complaint and refers to this individual as "Rob Jeffreys" in the body of the pleading.

### Count 1

An Eighth Amendment claim may arise against a prison official who acts with deliberate indifference and punishes an inmate without penological justification. *Wilkins v. Giddy*, 559 U.S. 34 (2010). "[R]ough or improper handling that cause[s] excessive pain or other harm" can support a constitutional claim. *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). Plaintiff's allegations state a colorable excessive force claim against Baker for knocking Plaintiff to the floor and slapping him while he was cuffed on September 1, 2021.

### Count 2

The Eighth Amendment also imposes a duty on prison officials to take reasonable steps to ensure the safety of inmates, including steps necessary to protect inmates from violence at the hands of other inmates or guards. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Plaintiff adequately alleges that Suhr and Schweizer took no steps to stop Baker from shoving and slapping him on September 1, 2021, as they stood and watched. Therefore, Count 2 will proceed against both officers.

### Count 3

Plaintiff alleges that Baker, Suhr, Schweizer, and Pitts used threats and intimidation tactics as they escorted him from segregation on or around September 8, 2021. Threats or other gestures made by correctional officers may amount to cruel and unusual punishment in violation of the Eighth Amendment if they include a threat of grave harm or increase the likelihood that the plaintiff will suffer harm. *Hughes v. Farris*, 809 F.3d 330, 333 (7th Cir. 2015) (citing *Dobbey v. Illinois Dept. of Corrections*, 574 F.3d 443, 445 (7th Cir. 2009)). Plaintiff describes a question posed by Baker (*i.e.*, "Do you still want to fight?") coupled with odd expressions on the faces of the officers. However, the officers allowed Plaintiff to "go on his way" when he said he did not

want to fight, and he describes no other concerning encounters with them. This alleged conduct is not actionable under the Eighth Amendment. Count 3 will therefore be dismissed for failure to state a claim against the defendants.

### Count 4

Plaintiff's allegations do not state a claim against the high-ranking officers, including Warden Wills and former IDOC Director Jeffries/Jeffreys. Plaintiff merely alleges that these officials "did nothing . . . to remedy the wrongs" when they learned of these incidents. (Doc. 19, pp. 7-8). These allegations do not state a claim for relief that is "plausible on its face" against either officer because they are undeveloped and suggest that these officers learned of the two incidents after it was too late to intervene and stop any harm from occurring. *See Twombly*, 550 U.S. at 570. Wills and Jeffries/Jeffreys' supervisory roles over Baker, Suhr, Schweizer, and/or Pitts do not give rise to a constitutional claim because the doctrine of *respondeat superior* is not recognized under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Accordingly, Count 4 will be dismissed against Wills and Jeffries/Jeffreys.

### Count 5

Because Plaintiff's state law claim for assault and/or battery arises from the same facts that give rise to his federal constitutional claims, this Court will exercise supplemental jurisdiction over Count 5. *See* 28 U.S.C. § 1367(a). In Illinois, an assault is defined as an "intentional, unlawful offer of corporal injury by force, or force unlawfully directed, under such circumstances as to create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented." *Parrish v. Donahue*, 443 N.E.2d 786, 788 (1982). A "claim of assault must include an allegation of a reasonable apprehension of an imminent battery." *McNeil*

*v. Carter*, 742 N.E.2d 1277, 1281 (2001). The elements of a battery include "an intentional act on the part of the defendants" and "a resulting offensive contact with the plaintiff's person." *Id*. Plaintiff's allegations articulate a claim against Baker for the incident that occurred on September 1, 2021. Count 5 will receive further review against this defendant.

### Request for Injunctive Relief

In his request for relief, Plaintiff seeks a Court Order transferring him to a different facility for his safety and security "for the entire suit." (Doc. 19, p. 13). This is a request for preliminary injunctive relief. However, Plaintiff made this request 3.5 years after the alleged staff assault giving rise to this action. He describes no recent threats of harm or actual harm inflicted by these defendants, or anyone else. Therefore, this request for interim relief is thus **DENIED without prejudice**.

### Disposition

The Second Amended Complaint (Doc. 19) survives screening under 28 U.S.C. § 1915A, and the following claims will proceed against the below-listed defendants:

- **COUNT 1** will proceed against **SGT. BAKER,** in his individual capacity;
- **COUNT 2** will proceed against **C/O SCHWEIZER** and **C/O SUHR,** in their individual capacities; and
- **COUNT 5** will proceed against **SGT. BAKER**, in his individual capacity.

**ALL OTHER CLAIMS (COUNTS 3** and **4)** and **DEFENDANTS (ANTHONY WILLS, ROB JEFFRIES/JEFFREYS,** and **C/O PITTS)** are **DISMISSED** without prejudice for failure to state a claim for relief. Plaintiff's request for preliminary injunctive relief in the Second Amended Complaint is **DENIED** without prejudice.

The Clerk shall prepare for **SGT. BAKER, C/O SCHWEIZER,** and **C/O SUHR:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6

(Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 19), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to TERMINATE Warden Anthony Wills, Rob Jeffries/Jeffreys, and C/O Pitts as defendants in CM/ECF.**

**IT IS SO ORDERED.**

DATED: April 29, 2025

s/ *Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Second Amended Complaint. After service has been achieved, Defendants will enter appearances and file Answers to your Second Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' attorneys have filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.